**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| Parker Hannifin Corporation ) | |
| ) | |
| Parker ITR Srl ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Federal Insurance Company ) | |
| ) | |
| National Union Fire Insurance Company of ) | |
| Pittsburgh, Pa. ) | |
| ) | |
| Defendants, ) | |
| ) | |
| ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Federal Insurance Company ("Federal"), through its counsel, hereby files its Notice of Removal of the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. In support of this Notice, Defendant states the following:

## PROCEDURAL BACKGROUND

1.  This is an insurance coverage dispute wherein Plaintiffs Parker Hannifin Corporation and Parker ITR Srl seek insurance coverage from Defendants Federal Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. for claims relating to an alleged price-fixing scheme in the marine oil and gas hose business.

2.      On or about January 7, 2011, Plaintiffs filed a Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania, where the matter was assigned Case No. GD-11-000431 (the "State Action").

3.      Prior to any proceedings taking place in the State Action, the parties executed an Interim Agreement, wherein the parties agreed to cooperate in attempts to resolve the matter in an expeditious and cost effective manner.  As stipulated by the parties in the Interim Agreement, "This Agreement provides a reasonable explanation for the inactivity of record in the Lawsuit for the duration of the Agreement."

4.      The parties thereafter engaged in a lengthy mediation process.

5.      On or about September 23, 2013, Plaintiffs terminated the parties' Interim Agreement.

6.      On or about October 7, 2013, Plaintiffs filed a Complaint in the State Action. True and correct copies of the court record in the State Action are attached hereto as Exhibit A.

7.      As of the date of this filing, no further proceedings have been had in the State Action.

8.      As shown below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.      By filing this Notice of Removal, Federal does not waive any jurisdictional or other defenses that may be available.

## DIVERSITY OF CITIZENSHIP

10.     Plaintiff Parker Hannifin Corporation is an Ohio corporation with its principal place of business at 6035 Parkland Boulevard, Cleveland, Ohio.  Accordingly, Parker Hannifin Corporation is a citizen of Ohio for purposes of determining subject matter jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

11.     Plaintiff Parker ITR Srl is incorporated in Italy with its principal place of business at Via G.B. Pirelli, 6, 22070, Veniano, Italy.  Accordingly, Parker ITR Srl is a citizen of Italy for purposes of determining subject matter jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

12.     Defendant Federal Insurance Company is organized and incorporated under the laws of the state of Indiana with its principal place of business in the state of New Jersey. Accordingly, Federal is a citizen of Indiana and New Jersey for purposes of determining subject matter jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

13.     Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is incorporated in Pennsylvania with its principal place of business in New York. Accordingly, National Union is a citizen of Pennsylvania and New York for purposes of determining subject matter jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  As discussed below, because National Union was not "properly joined and served" with the Complaint, National Union's citizenship must be disregarded for purposes of applying the "forum defendant" rule in 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

14.     The Complaint purports to assert claims against Federal relating to the Crime Coverage Section of Executive Protection Portfolio Policy No. 8159-0221, issued by Federal to

Parker Hannifin Corporation for the January 31, 2007 to January 31, 2008 period, which has an aggregate limit of $25,000,000.

15.     The Complaint also purports to assert claims against National Union relating to Follow Form Policy No. 966-43-75, issued by National Union to Parker Hannifin for the January 31, 2007 to January 31, 2008 period, which has an aggregate limit of $15,000,000 excess of the Federal Policy.

16.     Because Plaintiffs allege that they are entitled to indemnity from Defendants for customer settlements, fines, penalties, and consultant fees in excess of the total policy limits, the amount in controversy for jurisdictional purposes is not less than the $40 million limits of the policies and clearly is in excess of $75,000. *See U.S. Fidelity & Guar. Co. v. Lehigh Valley Ice Arena, Inc.*, No. 06-5700, 2004 WL 741365, *1 n.2 (E.D. Pa. Mar. 4, 2004) ("Where a liability policy is involved in proceedings for a declaratory judgment, the amount in controversy for jurisdictional purposes is the maximum amount for which the insurer could be held liable under the policy.") (citation omitted).

## THE FORUM DEFENDANT RULE DOES NOT BAR REMOVAL

17.     Since the Complaint was filed in the Court of Common Pleas, there is no record of any Defendants being served with process.

18.     Under the plain language of 28 U.S.C. § 1441(b), the "forum defendant" rule may only be invoked by a plaintiff as a procedural bar to removal "if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." (Emphasis added).

19.     Because National Union, a Pennsylvania citizen, has not been served with process, its presence in this action merely as an unserved named defendant does not prevent

removal. *See, e.g., Valido-Shade v. Wyeth, LLC,* 875 F. Supp. 2d 474, 476 (E.D. Pa. 2012) (agreeing that an out-of-state defendant may "remove a case with an in-state defendant, without regard to whether the out-of-state defendant has been served, as long as removal occurs prior to service on the in-state defendant"); *Boyer v. Wyeth Pharmaceuticals, Inc.*, No. 12-739, 2012 WL 1449246, *3 (E.D. Pa. Apr. 26, 2012) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of § 1441(b).").

## REMOVAL IS TIMELY

20.     This Notice of Removal is filed in a timely manner in accordance with 28 U.S.C. § 1446(b).[1]

21.     Federal has received a copy of but has not been served with the Complaint. The Complaint was filed less than 30 days before the date of filing this notice.

22.     Although the second paragraph of 28 U.S.C. § 1446(b) requires removal within one year after commencement of the action, this Notice of Removal is timely pursuant to the "equitable exception principle" embodied in § 1446(b) and supported by case law. *See, e.g., Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611 (3d Cir. 2003); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).

23.     When Plaintiffs filed their one-page Writ of Summons in the Court of Common Pleas, the undetailed pleading did not provide a sufficient basis for removal. The parties

---

[1]     Because Plaintiffs' case was commenced in state court before January 6, 2012, the removal amendments enacted by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 do not apply here, and citations are to the version of 28 U.S.C. § 1446(b) in force in 2011 when Plaintiffs' case was commenced. *See* Pub. L. No. 112-63 (Dec. 7, 2011) (providing that the amendments shall take effect 30 days after enactment of the Act and will apply to cases commenced after that date).

thereafter agreed to engage in mediation and stipulated that their "Agreement provides a reasonable explanation for the inactivity of record in the Lawsuit for the duration of the Agreement."

24.     Following the mediation, Plaintiffs terminated the parties' Interim Agreement and filed a Complaint in the State Action, more than one year after the Writ of Summons was filed and held in abeyance.  Aside from the recent filing of the Complaint, no further proceedings have been had in the State Action.

25.     A balancing of the equities therefore confirms that it would be both arbitrary and unfair to impose the one-year limit where Plaintiffs commenced this action by filing a one-page undetailed Writ of Summons that was not removable; the parties engaged in mediation; the parties agreed that their efforts to cooperate constituted a "reasonable explanation" for no further proceedings in the State Action; and Plaintiffs' filing of a removable pleading in the State Action occurred more than one year after the matter was opened on the state court docket.

## THE REQUIREMENTS OF §§ 1332, 1441, AND 1446 ARE SATISFIED

26.     This Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and removal of this action to this Court is not barred by the "forum defendant" rule set forth in 28 U.S.C. § 1441(b) because National Union, a Pennsylvania citizen, has not been "*properly joined and served* as a defendant."  Removal is timely and appropriate under § 1446(b), as explained above.

27.     Pursuant to 28 U.S.C. § 1446(a), this Court is the proper venue for removal of this action because the Court of Common Pleas of Allegheny County, Pennsylvania, is located within this federal district.

28.     Because Defendant National Union has not been "properly joined and served," the consent of Defendant National Union is not required. *See, e.g.*, *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("In the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal.").

29.     Pursuant to Federal Rule of Civil Procedure 7.1 and LCvR 7.1(A), two copies of Federal's Corporate Disclosure Statement are attached hereto as Exhibit B.

30.     Pursuant to 28 U.S.C. § 1446(d), Federal will provide written notice of the filing of this Notice of Removal to all parties and will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania.

31.     Federal reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

WHEREFORE, Federal requests that this Notice of Removal be filed, that the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania, be removed to and proceed in this Court, and that no further proceedings be had in said case in the Court of Common Pleas of Allegheny County, Pennsylvania.

Respectfully submitted this 7th day of October, 2013.

David Newmann, Esq. (PA 82401)
david.newmann@hoganlovells.com
Hogan Lovells US LLP
1835 Market Street, 29th Floor
Philadelphia, PA 19103
Tel: (267) 675-4600
Fax: (267) 675-4601

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 7th day of October, 2013, I caused a true copy of the foregoing Notice of Removal to be filed electronically and furnished via U.S. Mail to:

> Andrew M. Roman
> Richard A. Ejzak
> Cohen & Grigsby, P.C.
> 625 Liberty Avenue
> Pittsburgh, PA 15222-3152
> *Counsel for Plaintiffs*

David Newmann