IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARKER HANNIFIN CORPORATION** *an* **PARKER ITR S.R.L.**, | ) ) ) | CIVIL ACTION NO. 13-1456 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| **FEDERAL INSURANCE COMPANY** *and* **NAITIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH PENNSYLVANIA,** | ) ) ) ) ) | |
| Defendants. | ) | |

# OPINION

**CONTI, Chief District Judge**

## I. Introduction

This case involves an insurance coverage dispute in which plaintiffs Parker Hannifin Corporation and Parker ITR S.R.L. (together, "plaintiffs") seek insurance coverage from defendants Federal Insurance Co. ("Federal Insurance") and National Union Fire Insurance Co. ("National Union" and together with Federal Insurance, "defendants") for claims relating to an alleged price-fixing scheme in the marine oil and gas hose business. The issue addressed by this opinion is whether under the applicable removal statutes, this case should be remanded to state court.

On January 7, 2011, plaintiffs filed a praecipe for writ of summons in the Court of Common Pleas of Allegheny County, Pennsylvania (the "state action") against defendants. On October 7, 2013, plaintiffs filed a complaint in the state action. On the same day, the state action was removed by Federal Insurance from the Court of Common Pleas of Allegheny County to this

court on the basis of diversity jurisdiction. (ECF No. 1.) In the complaint, plaintiffs allege three claims of breach of contract against defendants who are plaintiffs' primary and secondary insurers. (ECF No. 1-1.)

On November 6, 2013, plaintiffs filed a motion to remand and a brief in support of the motion. (ECF Nos. 4, 5.) On November 25, 2013, Federal Insurance filed a response in opposition to plaintiffs' motion and brief in support. (ECF Nos. 10, 11.) On February 18, 2014, plaintiffs with leave of court filed a reply brief. (ECF No. 20.) On May 2, 2014, Federal Insurance with leave of court filed a sur-reply brief. (ECF No. 29.) On February 24, 2014, the court held a hearing with respect to plaintiffs' motion to remand. After reviewing the submissions and hearing oral argument from the parties, the court took the matter under advisement. Plaintiff's motion to remand is now ripe to be decided by the court.

**II. Standard of Review**

"[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Court of Appeals for the Third Circuit has held that "[i]t is settled that the removal statutes . . . are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (footnote omitted). Courts "must focus on the plaintiff's complaint at the time the petition for removal was filed. . . . It remains the defendant's burden to show the existence and continuance of federal jurisdiction." Id.

**III. Discussion**

Plaintiffs argue the removal of this action was defective for two reasons: (1) the forum defendant rule prohibits removal in this case because one of the defendants, i.e., National Union, is a Pennsylvania corporation; and (2) the removal statute prohibits removal because the notice of removal was filed more than one year after the action was commenced. Federal Insurance argues the forum defendant rule does not apply because plaintiffs did not serve National Union with its complaint prior to removal, and, therefore, National Union was not "properly joined and served" as required by 28 U.S.C. § 1441(b). With respect to plaintiffs' second argument, Federal Insurance argues the one-year time limit for removal set forth in the second paragraph of § 1446(b) does not apply to this case because within the Third Circuit, "the one-year limit only applies if the 'initial pleading' in the case is not removable, and the 'initial pleading' refers to the complaint, not to a writ of summons." (ECF No. 10-1 at 2.) According to Federal Insurance, plaintiffs' original complaint was filed on October 7, 2013, and was removable based upon federal diversity jurisdiction on that date. Therefore, Federal Insurance's notice of removal in this case was timely filed within one year from the date the initial pleading was filed. These arguments and the applicable law are addressed below.

  A. **Forum Defendant Rule**

  1. **Writ of Summons**

In <u>Kallman v. Aronchick</u>, Civ. Action No. 13-4637, 2013 WL 5964444, at *4 (E.D. Pa. Nov. 8, 2013), the court explained the forum defendant rule as follows:

> Under 28 U.S.C. § 1447(c), a plaintiff may remand an action to state court if removal was "procedurally defective." <u>Snider v. Sterling Airways, Inc.</u>, No. 12–3054, 2013 WL 159813, at *1 (E.D.Pa. Jan. 15, 2013). A removal is procedurally defective if it violates the "forum defendant rule." <u>Id.</u> Under the forum defendant rule, a civil action that is "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought."
28 U.S.C. § 1441(b).[1]

Kallman, 2013 WL 5964444, at *4. Here, whether removal was proper turns on whether National Union was "properly…served" by plaintiffs under § 1441(b)(2). Plaintiffs argue National Union was properly served by the writ of summons on January 7, 2011. Federal Insurance argues that the writ of summons was not proper service under the removal statutes because the Third Circuit Court of Appeals held in Sikirica v. Nationwide Insurance Co., 416 F.3d 214 (3d Cir. 2005), that a writ of summons is not an "initial pleading" for the purposes of another section of the removal statutes, i.e., 28 U.S.C. § 1446(b),[2] and the court's reasoning about what constitutes an "initial pleading" is equally applicable to § 1441(b)(2).

---

[1] In Swindell-Filiaggi v. CSZ Corp., 922 F.Supp.2d 514 (E.D. Pa. 2013), the court recognized:
> Although there is no legislative history on the "joined and served" requirement, Sullivan v. Novartis Pharms. Corp., 575 F.Supp.2d 640, 644 (D.N.J.2008), this Court—and many others—have recognized that it is designed "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." Allen, 2008 WL 2247067, at *4; see also Sullivan, 575 F.Supp.2d at 645 ("Congress appears to have added the language only to prevent the then-concrete and pervasive problem of improper joinder."). In short, the "joined and served" provision ensures that the ability of non-forum defendants to meet the 30–day removal deadline is not held hostage to the gamesmanship of plaintiffs.

Swinfell-Filiaggi, 922 F.Supp.2d at 518. This policy rationale, i.e., the joint and served requirement is designed to prevent a plaintiff's gamesmanship, informs the court's decision in this case.

[2] In 2011, 28 U.S.C. § 1446 (2006) was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011). This case was commenced prior to the enactment of those amendments, and, therefore, the prior version of § 1446(b) in force in 2011 applies to this case. Id. § 205. Unless otherwise noted, the court's reference to § 1446 is a reference to the prior version of that statute and not the version of the statute enacted in 2011.

Even under the 2011 amendments to § 1446, however, the one-year time limit does not apply to cases such as this case that are removable based upon the initial pleading. The amendments make clear that diversity cases *not removable* based upon the intial pleading are subject to a one-year limitation for removal. Diversity cases removable based upon the initial pleading are not subject to such a limitation. The 2011 amendments provide, in pertinent part:

4

In Sikirica, the court held that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." Sikirica, 416 F.3d at 223. In reaching this decision, the court relied upon Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). In Murphy Bros., the Court considered "whether a complaint sent by facsimile, but not formally served on the defendant, could provide notice of removability under the first paragraph of 28 U.S.C. § 1446(b)." Sikirica, 416 F.3d at 221. The Court in Murphy Bros. held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., 526 U.S. at 347-48.

The court in Sikirica recognized that in Murphy Bros., the Court relied upon the "legislative history of Section 1446(b) in which Congress stated its intent to eliminate the situation wherein a defendant who has not received the complaint must decide whether to

---

(b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt** by the defendant, through service or otherwise, of a copy **of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
…
(3) Except as provided in subsection (c), **if the case stated by the initial pleading is not removable**, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) Requirements; removal based on diversity of citizenship.--(1) **A case may not be removed under subsection (b)(3)** on the basis of jurisdiction conferred by section 1332 **more than 1 year after commencement of the action**, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446 (emphasis added).

5

remove 'before he knows what the suit is about.'" Sikirica, 416 F.3d at 222. Relying upon that rationale, the court in Sikirica held that a writ of summons contemplated by Pennsylvania law could not serve as the initial pleading referred to in § 1446(b). The court explained:

> The model form for a general writ of summons under Pennsylvania law merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy. Id. This is insufficient to notify the defendant "what the action is about." The writ of summons in this case contained no information about the nature of the action. See App. at 241.
> …
> [S]ince defendants in Pennsylvania could be required to decide whether to remove without seeing the complaint or knowing the nature of the cause of action, whereas defendants in Delaware and New Jersey would always have such notice.

Sikirica, 416 F.3d at 223.

Here, Federal Insurance argues that because § 1441(b)(2) only applies when the action is "otherwise removable solely on the basis of [diversity jurisdiction]," and in Pennsylvania, a complaint—and not a writ of summons—informs the defendant about whether it should remove a case, proper service as contemplated by § 1441(b)(2) is proper service of the *complaint*. Federal Insurance's argument is persuasive and supported by the rationale of the Court in Murphy and the district court in Kallman.

In Murphy, the Court recognized that Congress expressed concerns about uniformity of the removal statutes across the nation. Notably, not every state has the equivalent of a writ of summons. To accept plaintiffs' argument that "properly…served" means proper service of a complaint *or* a writ of summons, would encourage variety across the nation and would not encourage Congress' intent of uniform application of removal statutes. Furthermore, holding that "properly…served" means properly served with the complaint as opposed to a writ of summons is in accord with the policy identified by the court in Kallaman that the "'joined and served' provision ensures that the ability of non-forum defendants to meet the 30–day removal deadline

6

is not held hostage to the gamesmanship of plaintiffs." Kallman, 2013 WL 5964444, at *4. Requiring only a writ of summons to be filed, which "merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy" does not protect against gamesmanship by the plaintiff. Sikirica, 416 F.3d at 223. Instead, it is the service of a complaint containing factual allegations and claims against a defendant that helps to ensure the plaintiff is serious about moving forward with a lawsuit against the forum-defendant and is not merely avoiding the federal forum.

The requirement of service of a complaint as opposed to the service of a writ of summons is also supported by § 1441(b)'s requirement of proper joinder. As pointed out by Federal Insurance in its brief and at the hearing: "Under the Pennsylvania Rules of Civil Procedure, whether a defendant is properly joined cannot be determined 'until the complaint is filed,' because joinder depends on what facts and claims are pleaded against that defendant." (ECF No. 11 at 7 (quoting MacMurray v. Yankee Lines, Inc., 77 Pa. D & C. 104, 117 (Pa. Com. Pl. 1950) ("[U]ntil the complaint is filed the court cannot determine whether original defendant has set forth sufficient facts to warrant a joinder of additional defendant on the grounds of joint liability.").) The court could not properly determine whether National Union was properly joined in this action until the complaint setting forth the claims and parties was filed. Based upon the foregoing, service of the writ of summons by plaintiffs on National Union was not sufficient to satisfy the "properly…served" requirement of § 1441(b)(2).

2. **Complaint**

Plaintiffs argue that even assuming that service of the writ of summons did not constitute proper service under § 1441(b)(2), plaintiffs properly served the complaint in the state court action on National Union prior to Federal Insurance removing the state action to this court.

7

Federal Insurance argues, however, that under Pennsylvania Rule of Civil Procedure 440, plaintiffs did not properly serve National Union. Federal Insurance's argument is correct.

With respect to analyzing the removal statutes, "[t]he question of whether service, or waiver thereof, occurred remains a question of state law." Cmiech v. Electorlux Home Prods., Inc., 520 F.Supp.2d 671, 674 (M.D. Pa. 2007) (citing Murphy Bros., 526 U.S. at 353) ("It is not possible to state definitely in general terms the precise scope and effect of the word 'otherwise' in its context here because its proper application in particular situations will vary *with state procedural requirements as to the method of effecting service of summons and time and place of filing the complaint.*") (emphasis added). Pennsylvania Rule of Civil Procedure 1007 provides: "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." PA. R. CIV. P. 1007. The state action in this case was commenced by plaintiffs filing a praecipe for a writ of summons with the pronothotary. Plaintiffs argue they served the complaint on attorney Andrew Simmonds ("Simmonds"), whom they knew to represent National Union since at least May 2009. The pertinent provision of Rule 440, entitled "Service of Legal Papers other than Original Process," however, provides:

> (a)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made
>
> (i)  by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree….

PA. R. CIV. P. 440(a)(1)(i). It is undisputed that Simmonds did not enter his appearance or file pleadings in the state action. Plaintiffs did not hand, mail, or leave a copy at the address of National Union's attorney of record, and, therefore, did not effectuate "proper service" of the complaint on National Union. Under the foregoing circumstances, National Union, the forum

8

defendant, was not "properly…served" in the state action. The forum defendant rule, therefore, does not support this case being remanded to state court.

## B. One-year Limitations Period

Plaintiffs argue Federal Insurance's notice of removal was untimely under § 1446(b) because it was filed outside the one-year limitations period, which began when plaintiff commenced this action by filing the writ of summons in state court. Federal Insurance argues plaintiffs' reading of § 1446(b) is erroneous, and the one-year limitations period does not apply to this case. Section 1446(b) at the relevant time provided:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2006) *amended by* the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011).[3] Plaintiffs argue that the last part of the second paragraph, i.e., "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action," governs this case and renders untimely Federal Insurance's notice of removal filed on October 7, 2013, which is more than two years after plaintiff commenced this action by filing a writ of summons on January 7, 2011. Id. Plaintiffs cite numerous decisions from the Middle and Eastern Districts of

---

[3] See supra note 2.

Pennsylvania in support of this argument, i.e., notwithstanding the first paragraph of § 1446(b), the one-year time limit set forth in paragraph two of § 1446(b) is an absolute bar to cases being removed more than one year after an action is commenced in a state court. (ECF No. 5 at 10 (citing Corinthian Marble & Granite, Civ. Action No. 12-3744, 2013 WL 272757 (E.D. Pa. Jan. 24, 2013); Kowalski v. PBM Logistics, LLC, Civ. Action No. 12-1158, 2012 WL 3890249 (M.D. Pa. Aug. 6, 2012); Samii v. Allstate Ins. Co., Civ. Action No. 10-2408, 2010 WL 3221924 (E.D. Pa. Aug. 12, 2010); Donato-Cook v. State Farm Fire & Casualty Co., Civ. Action No. 09-0587, 2009 WL 2169168 (M.D. Pa. July 20, 2009); Penn Patio Sunrooms, Inc. v. Ohio Cas. Ins. Co., Civ. Action No. 08-120, 2008 WL 919543 (M.D. Pa. Mar. 31, 2008); Namey v. Malcolm, 534 F.Supp.2d 494 (M.D. Pa. 2008)).

Federal Insurance argues, however, that the second paragraph of 1446(b) does not apply to this case because "the initial pleading[, i.e., the complaint] set[] forth the claim for relief upon which [this] action or proceeding is based." 28 U.S.C. § 1446(b) (2006) *amended by* the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011).[4] Federal Insurance argues that under those circumstances, the first paragraph of § 1446(b) applies to this case and not the second paragraph of § 1446(b), which imposes the one-year statute of limitations from the date the action was commenced. Defendants cite decisions from the Middle and Eastern Districts of Pennsylvania in support of this argument. Heffran v. State Auto Prop. And Cas. Ins. Co., Civ. Action No. 13-513, 2013 WL 4041171 (M.D. Pa. Aug. 7, 2013); Sheller, Ludwig & Sheller v. Catalano & Plache, PLLC, et al., Civ. Action No. 06-3806, 2006 WL 3097837 (E.D. Pa. Oct. 27, 2006). Federal Insurance argues the notice of removal was timely because it was filed the same day they received "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id.

---

[4] See supra note 2.

Based upon the plain reading of § 1446(b), Federal Insurance's reading of § 1446(b) is correct. According to the plain language of the first paragraph of § 1446(b), a party has thirty days to file a notice of removal when the "initial pleading…set[s] forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (2006) *amended by* the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011).[5] As the court held in Sikirica, the initial pleading for the purpose of the first paragraph of § 1446(b) can be a complaint, but not a writ of summons.[6] Sikirica, 416 F.3d at 222. Here, the initial pleading, i.e., the complaint, set forth the grounds for removal. The first—and not the second—paragraph of § 1446(b) is, therefore, applicable to Federal Insurance's notice of removal in this case; indeed, the court in Sikirica noted: "The second paragraph [of § 1446(b)]

---

[5] See supra note 2.

[6] The court's decision in Sikirica that a writ of summons is not an "initial pleading" and the application of that decision to this case is supported by Congress' concerns with the uniform application of removal statutes across the country. Pennsylvania is part of a small minority of states that permit a case to be commenced by the filing of a writ of summons. As the court noted in Sikirica:
> Finally, Murphy Bros. noted that Congress amended the statute partly to provide for uniform operation across the nation. Murphy Bros., 526 U.S. at 351, 119 S.Ct. 1322. We would impede this purpose by adopting the Whitaker rule in the Third Circuit, since defendants in Pennsylvania could be required to decide whether to remove without seeing the complaint or knowing the nature of the cause of action, whereas defendants in Delaware and New Jersey would always have such notice.

The idea that a writ of summons is not an "initial pleading" is also supported by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 7 provides:
> (a) Pleadings. Only these pleadings are allowed:
>> (1) a complaint;
>> (2) an answer to a complaint;
>> (3) an answer to a counterclaim designated as a counterclaim;
>> (4) an answer to a crossclaim;
>> (5) a third-party complaint;
>> (6) an answer to a third-party complaint; and
>> (7) if the court orders one, a reply to an answer.

FED. R. CIV. P. 7. Unlike the Pennsylvania rules, the Federal Rules of Civil Procedure provide that an action may only be commenced by the filing of a complaint. FED. R. CIV. P. 3.

applies only if the initial pleading does not set forth the grounds for removal[.]" Sikirica, 416 F.3d at 220; see Joseph L. Dunn Oil and Gas v. R.L. Wharton Enterprises, Ltd., Civ. Action No. 10-1364, 2011 WL 1230146, at *4 (W.D. Pa. Mar. 30, 2011); Brown v. Modell's PA II, Inc., Civ. Action No. 08-1258, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008). Here, because the initial pleading—the complaint—set forth the grounds for removal, the second paragraph of § 1446(b)—in its entirety—is not applicable to this case.

Plaintiffs' reading of § 1446(b) and the decisions cited by plaintiffs imposing the one-year time limit on *all* diversity cases whether or not removable by the initial pleading disregard the plain language § 1446(b) and the court of appeals' decision in Sikirica. The first part of the sentence in the second paragraph of § 1446(b), i.e., "If the case stated by the initial pleading is not removable," makes that sentence, which includes the modifying phrase referring to the one-year time limit, only applicable when the initial pleading is *not* removable. As discussed above, the initial pleading in this case, i.e., the complaint, was removable when it was filed. The second paragraph of § 1446(b), including the one-year time limit, is not, therefore, applicable to this case. Based upon the foregoing, the October 7, 2013 notice of removal in this case was not untimely filed because it was filed within thirty days of the filing of complaint in the state court.

## IV. Conclusion

For the reasons set forth above, plaintiffs' motion to remand (ECF No. 4) will be denied. Federal Insurance's notice of removal was timely and the forum defendant rule does not apply to this case because plaintiffs failed to properly serve National Union prior to the removal of this case to federal court. An appropriate order will be entered.

By the court,

Dated: May 29, 2014

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge